**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TOSIN ADEGBUJI,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO: 04-CV-1392** |
| v. | : | **(MANNION, M.J.)** |
| **JOHN ASHCROFT, United States Attorney General, et. al.,** | : | |
| | : | |
| **Respondents** | : | |
| | : | |

**MEMORANDUM AND ORDER**

Before the court is the respondents' "Motion to Transfer Amended Petition to Third Circuit." (Doc. No. 37).

By way of background, on June 26, 2004, the petitioner, an alien in the custody of the Bureau of Immigration and Customs Enforcement, ("B.I.C.E."), filed the instant action pursuant to 28 U.S.C. § 2241. At the time the petition was filed, the petitioner was in the custody of B.I.C.E. at the York County Prison, York, Pennsylvania. (Doc. No. 1).

The petitioner claims in his petition that he was "ordered removed from the United States in absentia on July 10, 2002 . . . Petitioner was charged to have been convicted of an offense designated as aggravated felony while in fact and in truth, Petitioner is not an aggravated felony (sic)." (Doc. No. 1, ¶ 11). The petitioner claims that on June 13, 2003, an Immigration Judge, ("I.J."), granted him withholding of removal, and also "held that Petitioner has not been convicted of an offense designated as aggravated felony." (Doc. No.

1, ¶ 12, Exhibit "2").

On July 12, 2004, the petitioner agreed to the exercise of jurisdiction by the undersigned Magistrate Judge. (Doc. No. 2). A show cause order ensued on July 26, 2004, which directed the respondents to respond to the petition within twenty (20) days. (Doc. No. 4).

On July 30, 2004, the petitioner filed a motion to amend his petition, along with a proposed amended petition. (Doc. No. 7). In the amended petition, the petitioner again, and more specifically, challenges the validity of the July 10, 2002, Order of Removal. He claims that the crimes which were the basis for the order were not aggravated felonies. He further maintains that he was not afforded the opportunity to either defend the accusations or to cross examine witnesses in this regard. The petitioner also alleges that he had an application for adjustment of status pending, and that all that remained to finalize that application was a medical examination, which he had difficulty obtaining due to his incarceration. The petitioner filed a certificate of service related to this motion to amend the complaint on July 30, 2004, which indicated that he had served the respondents at both the United States Department of Justice, Office of Immigration Litigation, in Washington, D.C., and with the United States Attorney's Office, 615 Chestnut Street, Philadelphia, PA. 19106. (Doc. No. 8).

In lieu of a response, on August 9, 2004, the respondents filed a motion to transfer the case based upon the fact that, subsequent to the filing of the

petition, the petitioner was transferred to the Keogh-Dwyer Correctional Facility in New Jersey. (Doc. Nos. 11 & 12). The respondents also filed a motion for an extension of time to respond to the habeas corpus petition on August 13, 2004. (Doc. No. 15). The petitioner filed briefs in opposition to the motions to transfer and for extension of time on August 16, 2004, and August 23, 2004, respectively. (Doc. Nos. 17, 19).

The motion for extension of time to file a response was granted by order dated September 20, 2004. (Doc. No. 23). The order directed the that the respondents' brief in opposition to the petition for habeas corpus would be due fifteen (15) days after the court ruled on the motion to transfer. Before the court could rule on the motion to transfer, however, the petitioner was again transferred, this time to the Buffalo Federal Detention Facility, Batavia, New York. (Doc. No. 26).

On February 3, 2005, the respondents filed a "Notice to the Court," which advised that the petitioner had been transferred to the Buffalo Detention Center. The "Notice" requested that the court transfer the matter to the District Court for the Western District of New York, and also requested that the matter be stayed for thirty (30) days to enable the respondents to review the petitioner's custody in light of a recent United States Supreme Court decision, <u>Clark v. Martinez,</u> No. 03-878, slip op. (2005). (Doc. No. 27).

Prior to the court ruling on the matters set forth above, the petitioner was removed by B.I.C.E. to the United Kingdom on February 11, 2005. On

3

February 15, 2005, the petitioner filed a letter with the court which indicated that he was denied entry into the United Kingdom, and that he was being detained by the UK Immigration Service at Gatwick Airport, London. He requested that this court reverse the Order of Removal and order that he be immediately returned to the United States, so that he can contest the Order of Removal and complete his application for adjustment of status. (Doc. No. 31).

On February 17, 2005, the respondents filed a "Notice of Mootness," which advised the court that the petitioner had been removed to the United Kingdom. (Doc. No. 32). The respondents did not file a brief in support of the Notice.

By memorandum and order dated March 3, 2005, the court considered all of the above pending matters. (Doc. No. 33). In doing so, the court directed that the petitioner's motion to amend the petition for writ of habeas corpus, (Doc. No. 7), be granted; the respondents' motion to transfer, (Doc. No. 11), be denied as moot; the respondents' "Notice to Court," (Doc. No. 27), construed by the court as a motion to transfer and motion for extension of time, be denied as moot; and the respondents' "Notice of Mootness," (Doc. No. 32), construed by the court as a motion to dismiss, be denied. The court further directed the respondents to file a response to the amended petition for writ of habeas corpus within twenty (20) days of the date of the order. The petitioner was given fifteen (15) days from the date of service of the

respondents' filing to file a reply brief[1]. The parties were directed that both the response and the reply brief were to specifically address the issue of this court's jurisdiction to further consider the instant action.

On April 20, 2005, the respondents filed a response to the petition for writ of habeas corpus. (Doc. No. 35). The petitioner filed his reply brief on May 9, 2005. (Doc. No. 36).

Prior to the court's consideration of the above materials, on May 27, 2005, the respondents filed the instant "Motion to Transfer Amended Petition to Third Circuit," (Doc. No. 37), along with a brief in support thereof, (Doc. No. 38). The petitioner filed a brief in opposition to the respondents' motion on June 10, 2005. (Doc. No. 39).

The respondents seek transfer of the instant action to the United States Court of Appeals for the Third Circuit, ("Third Circuit"), pursuant to the Real ID Act of 2005, ("Real ID Act"), H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div. B, 119 Stat. 231.

On May 11, 2005, the Real ID Act was enacted. Under § 106 of the Act, a "petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." The Act also provides:

---

[1]The Clerk of Court and the respondents were directed to serve all documentation upon the petitioner at 438 Martin Glen Court, Lawrenceville, GA 30045, as provided in his correspondence to the court dated February 14, 2005.

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed . . .

The Act specifically states that these provisions of the Act shall take effect on the Act's enactment date and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act."

Because the instant action challenges the petitioner's final order of removal[2] and was pending in the district court on the date of the Act's enactment, this Court will grant the respondents' motion to transfer the matter to the Third Circuit[3] in accordance with § 106 of the Real ID Act. The Clerk of Court will be directed to close the matter under this docket number.

---

[2]The petitioner argues that there is no final order of removal and, therefore, transfer is inappropriate. However, it is clear that there is, in fact, a final order of removal in the petitioner's case, the validity of which he is challenging via the instant action.

[3]The final order of removal in this case was issued in Newark, New Jersey. Therefore, pursuant to the Real ID Act, transfer to the Third Circuit is appropriate.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the respondents' "Motion to Transfer Amended Petition to Third Circuit," (Doc. No. 37), is **GRANTED**; and

**(2)** the Clerk of Court is directed to close the matter under this docket number.

> **s/ Malachy E. Mannion**
> **MALACHY E. MANNION**
> **United States Magistrate Judge**

**Dated:     June 14, 2005**

O:\shared\Memoranda\2004 MEMORANDUMS\04-1392.1.wpd